UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2025 DEC 29 A 8:59
CLERK OF COURT

DeMarco J. Henry, Plaintiff,

v.

Milwaukee County Clerk of Courts; Steven Dvorachek, Clerk of Courts, in his individual and official capacities; Unknown Clerk(s) of Court, in their individual capacities; Milwaukee County Office of Court Reporting Services; Kristin Menzia, Court Reporter, in her individual and official capacities; Unknown Court Reporter(s), in their individual capacities;

Defendants.

Case No. _____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (42 U.S.C. § 1983 — First and Fourteenth Amendments)

## I. PARTIES

### A. Plaintiff

Plaintiff DeMarco J. Henry is a resident of Milwaukee County, Wisconsin.

Plaintiff is the criminal defendant in State v. Henry, Case No. 2025CF001945, pending in Milwaukee County Circuit Court, and is proceeding pro se.

### B. Defendants

Defendant Milwaukee County Clerk of Courts is the entity responsible for maintaining accurate court records, filings, and docket entries, including CCAP records, for proceedings in Milwaukee County Circuit Court.

Defendant Steven Dvorachek is the Milwaukee County Clerk of Courts. At all relevant times, he acted under color of state law and is sued in his individual and official capacities for his role in overseeing court recordkeeping and transcript-related functions.

Defendant Unknown Clerk(s) of Court are employees of the Milwaukee County Clerk of Courts whose identities are presently unknown. These Defendants are sued in their individual capacities for their involvement in the handling, processing, or maintenance of

court records related to Plaintiff's case. Plaintiff will seek leave to amend this Complaint upon discovery of their identities.

Defendant Milwaukee County Office of Court Reporting Services is the entity responsible for the recording, preparation, maintenance, and distribution of official transcripts of Milwaukee County Circuit Court proceedings.

Defendant Kristin Menzia is a court reporter employed by Milwaukee County who was present and responsible for recording the July 8, 2025 preliminary hearing in Plaintiff's state criminal case. She is sued in her individual and official capacities.

Defendant Unknown Court Reporter(s) are court reporters whose identities are presently unknown who participated in the recording, preparation, custody, or handling of the official record of the July 8, 2025 preliminary hearing. They are sued in their individual capacities. Plaintiff will seek leave to amend upon identification of these individuals.

## II. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including the First and Fourteenth Amendments and 42 U.S.C. § 1983.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District and all events giving rise to the claims occurred in Milwaukee County, Wisconsin.

## III. INTRODUCTION AND SURVIVAL-FIRST FRAME

This is a survival-first civil rights action seeking immediate declaratory and injunctive relief to restore access to the official court record in an active state criminal prosecution.

Plaintiff does not ask this Court to adjudicate guilt or innocence, suppress evidence, dismiss charges, or interfere with the merits of the state criminal case. The relief sought is narrow, procedural, and prospective: access to the transcript of a constitutionally required preliminary hearing and preservation of the integrity of the judicial record.

Without access to the transcript of the July 8, 2025 preliminary hearing, Plaintiff cannot meaningfully participate in pretrial proceedings, prepare motions, preserve constitutional

2

Case 2:25-cv-02038-SCD    Filed 12/29/25    Page 2 of 6    Document 1

objections, or seek review in any forum. The denial of the record itself constitutes ongoing constitutional injury.

This action is filed now because the state proceeding remains active, trial is currently scheduled to commence on January 5, 2026, and delay itself functions as a denial of rights. Post-trial remedies are inadequate where the record necessary for review is unavailable.

Immediate relief is required because the denial of the record is ongoing and cannot await the normal course of litigation without irreparable harm.

Because Plaintiff seeks only access to the official record and does not ask this Court to enjoin the prosecution or adjudicate the merits, this action does not interfere with the state proceeding and falls outside the scope of Younger abstention.

## IV. FACTUAL ALLEGATIONS

### A. The July 8, 2025 Preliminary Hearing

On July 8, 2025, the Milwaukee County Circuit Court conducted a preliminary hearing in Plaintiff's criminal case. Sworn testimony was taken, motions were argued, and the court found probable cause and bound Plaintiff over for trial.

The preliminary hearing is a constitutionally critical stage of the prosecution at which the State must establish probable cause and the defendant must be afforded a meaningful opportunity to challenge the basis for continued prosecution.

### B. Transcript Request and Acceptance

Plaintiff formally requested transcripts including the July 8, 2025 preliminary hearing. The request was received and stamped by the Milwaukee County Office of Court Reporting Services on October 6, 2025.

Plaintiff paid the required fees for transcripts that were produced in this case and was never invoiced, contacted, or advised of any payment requirement for the July 8, 2025 preliminary-hearing transcript.

On November 20, 2025, Plaintiff followed up in writing regarding the July 8, 2025 preliminary-hearing transcript by contacting a court reporter identified on the docket, but was not advised that the request had been misdirected, was not provided an invoice, and received no clarification as to payment or transcript availability.

### C. Failure to Produce or Acknowledge the Transcript

Despite the request, the transcript of the July 8, 2025 preliminary hearing has never been produced, never uploaded to CCAP, and never acknowledged as pending, unavailable, or delayed.

All other transcripts in the case were produced and uploaded in the ordinary course, demonstrating that the omission of the July 8 transcript is not routine or inadvertent.

At all relevant times, the Milwaukee County Office of Court Reporting Services was responsible for the intake, processing, preparation, and fulfillment of official transcripts of Milwaukee County Circuit Court proceedings

In performing these transcript-related functions, the Milwaukee County Office of Court Reporting Services acted under color of state law.

Despite this responsibility, the Milwaukee County Office of Court Reporting Services failed to produce, upload, or otherwise acknowledge the requested transcript of the July 8, 2025 preliminary hearing.

### D. Ongoing Harm

Because the transcript is unavailable, Plaintiff cannot prepare record-supported motions, challenge the probable-cause determination, preserve constitutional objections, or seek meaningful review. Pretrial deadlines continue to accrue while Plaintiff remains unable to access the official record of the proceeding that authorized continuation of the prosecution.

Pretrial motion practice and record-dependent challenges are ongoing, and the absence of the transcript continues to cause irreparable harm now, not merely at trial.

## V. CLAIMS FOR RELIEF

At all relevant times, Defendants acted under color of state law.

COUNT I — Denial of Access to Courts (First and Fourteenth Amendments — 42 U.S.C. § 1983)

The absence of the transcript forecloses Plaintiff's ability to file record-supported motions, seek interlocutory review, or preserve appellate issues, thereby denying meaningful access to the courts.

4

Case 2:25-cv-02038-SCD     Filed 12/29/25     Page 4 of 6     Document 1

COUNT II — Procedural Due Process (Fourteenth Amendment — 42 U.S.C. § 1983)

Maintaining an active prosecution while withholding the official record required for participation and review deprives Plaintiff of liberty without constitutionally adequate procedures.

## VI. DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff seeks:

A declaration that Defendants' failure to produce the July 8, 2025 preliminary-hearing transcript violates Plaintiff's rights under the First and Fourteenth Amendments;

An injunction ordering Defendants to immediately produce the transcript of the July 8, 2025 preliminary hearing, or certify in writing whether the hearing was recorded and, if not, why not;

An order requiring preservation of all audio recordings, stenographic source files, transcript logs, and related metadata associated with the July 8, 2025 preliminary hearing;

An order requiring that any produced transcript be uploaded to CCAP in the ordinary course.

Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ DeMarco J. Henry*

**DeMarco J. Henry**

Plaintiff, Pro Se

[Address] 7938 W. Potomac Ave.

Milwaukee, WI 53222

[Phone] 414-234-4656

1. [Email] Dhenry320@Yahoo.com

2. Date: December 23, 2025