UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMARCO J HENRY,

        Plaintiff,

        v.

MILWAUKEE COUNTY CLERK OF COURT, et al,

        Defendants.

Case No. 25-cv-2038-bhl

# ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

      On December 23, 2025, Plaintiff DeMarco Henry, proceeding without an attorney, filed a complaint against the Milwaukee County Clerk of Court, Steven Dvoracheck, the Clerk of Court, and various unknown clerks, the Milwaukee County Office of Court Reporting Services, Kristin Menzia, the Milwaukee County Court Reporter, and various unknown court reporters. (ECF No. 1.) Along with his complaint, Henry filed a motion for a temporary restraining order and preliminary injunction, (ECF No. 2), requesting that the Court order the Milwaukee County Clerk of Court or Court Reporter to produce a transcript of a preliminary hearing that was held on July 8, 2025 in Henry's pending criminal case in that court. Henry also filed a motion for service by the United States Marshal Service. (ECF No. 3.)

## ALLEGATIONS

      Henry is the defendant in a pending criminal case in Milwaukee County Circuit Court, and trial is scheduled to begin on January 5, 2026. (ECF No. 2 at 2.) On July 8, 2025, a preliminary hearing was conducted in this criminal case. (*Id.*) Henry asserts that testimony was taken at this hearing, motions were argued, and that the Circuit Court found probable cause and bound Henry's case over for trial. (*Id.*) Henry later requested a transcript from the hearing, as part of a request for transcripts for his "entire case" that was received by the Milwaukee County Office of Court Reporting Services on October 6, 2025. (*Id.*) He paid the required fees for transcripts but did not receive an invoice for the July 8, 2025 transcript. He followed up in writing regarding the

preliminary hearing transcript on November 20, 2025, but "was not advised that the request had been misdirected, was not provided an invoice, and received no clarification as to payment or transcript availability." (ECF No. 1 at 3.)

Henry asserts that proceeding to trial without the transcript is a violation of his constitutional rights. Henry seeks a declaratory judgment that Defendants' failure to produce this transcript violates his rights under the First and Fourteenth Amendments, a temporary restraining order and injunction ordering Defendants to immediately produce the transcript or certify why a transcript was not produced. (*Id.* at 5; ECF No. 2.)

## ANALYSIS

Henry's motion for a temporary restraining order and a preliminary injunction will be denied because he has failed to comply with Federal Rule of Procedure 65(b). Rule 65(b)(1) permits the Court to enter a TRO "only if specified facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." The movant must also certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Notice does not require formal service; a movant telling the adverse party or the adverse party's attorney that he intends to seek a temporary restraining order would constitute notice. *See* Fed R. Civ. P. 65(b) advisory committee's note to 1966 amendment ("The subdivision is amended to make it plain that informal notice, which may be communicated to the attorney rather than the adverse party, is to be preferred to no notice at all."). A preliminary injunction may only be granted on notice to the adverse party. Fed. R. Civ. P. 65(a)(1).

Henry has not complied with these requirements. His complaint is not a verified complaint and does not indicate that it was signed under oath or penalty of perjury. Nor has Henry submitted a separate affidavit swearing to the facts supporting his potential irreparable injury. He asserts that he "has provided notice of this motion to Defendants where practicable," but without any supporting detail. (ECF No. 2 at 5.) He also, inconsistently, requests "relief without notice" and asserts that relief cannot await formal service. (*Id.*) While notice need not consist of formal service, Henry has not offered any specific reason that basic notice and an opportunity to be heard should not be required for some unspecified group of Defendants. At this point, no Defendant has entered an appearance and Henry has not offered any specific basis to find that notice would be impracticable.

Because he has not satisfied several of the significant hurdles necessary to obtain such weighty relief, his motion must be denied. *See Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (a TRO "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction, ECF No. 2, is **DENIED.**

Dated at Milwaukee, Wisconsin on January 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge