# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEMARCO J. HENRY,

        Plaintiff,

v.

MILWAUKEE COUNTY CLERK OF
COURT, STEVEN DVORACHEK,
UNKNOWN CLERKS OF COURT,
MILWAUKEE COUNTY OFFICE OF
COURT REPORTING SERVICES,
KRISTIN MENZIA, and UNKNOWN
COURT REPORTERS,

        Defendants.

Case No. 25-CV-2038-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Demarco J. Henry ("Henry"), proceeding pro se, filed suit against Milwaukee County Clerk of Court, Steven Dvorachek, Unknown Clerks of Court, Milwaukee County Office of Court Reporting Services, Kristin Menzia, and Unknown Court Reporters (collectively, "Defendants") for violations of rights under 42 U.S.C. § 1983. ECF No. 10. He has also filed a motion for "[r]ecord [p]reservation, [c]ertification and [d]ocket [i]ntegrity," ECF No. 5, and for a preliminary injunction, ECF No. 8, both of which concern state criminal proceedings that are currently under way, *see infra* Section 4. In addition, he filed a motion for service by the U.S. Marshals Service. ECF No. 3.

Because this case concerns underlying state proceedings, which the Court must abstain from, *see infra* Section 4, the Court will dismiss this case

without prejudice. In light of that dismissal, the Court will deny as moot Henry's motion for service by the U.S. Marshals Service, ECF No. 3. Given the Court's inability to intervene in the underlying state proceedings, the Court will deny as moot Henry's motions seeking injunctive relief, ECF Nos. 5 and 8.

## 2. SCREENING STANDARD

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service ...."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants ... regardless of fee status." (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a

gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

**3.     HENRY'S FACTUAL ALLEGATIONS**

Henry's initial concern, as to all Defendants named herein, was simply that he had not received a transcript from his July 8, 2025 preliminary hearing in his ongoing state criminal case. *See generally* ECF No. 1; *State of Wisconsin v. DeMarco Henry*, Case No. 2025CF001945 (Milwaukee Cnty. Cir. Ct. 2025), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CF001945&countyNo=40&index=0&mode=details (last visited June 3, 2026) ("State Case").

Since initially filing this action, however, Henry has received a complete transcript and audio recording from the July 8, 2025 preliminary

hearing. ECF No. 8 at 1; ECF No. 10 at 3; *see also* ECF No. 7 at 1 (letter to the Court). Henry's new grievance, as laid out in his amended complaint, is that the transcript from a subsequent hearing, on June 23, 2025, is not entirely complete. *Id*. at 1. Henry alleges that "the record," or more specifically, the June 23, 2025 transcript, "reflects the following statement: 'THE COURT: You're all set. He needs to go back over there.'" *Id*. (citing ECF No. 8-1). According to Henry, because "no record or proceeding has been identified reflecting where [Henry] was directed following that instruction," this transcript is incomplete. *Id*. On this basis, Henry brings claims for violations of due process and access to the courts. He has also separately filed a motion for a temporary restraining order, ECF No. 8, which largely mirrors his motion to preserve evidence, certification, and docket integrity for other court dates relating to his State Case. ECF No. 5.

**4.     ANALYSIS**

Absent extraordinary circumstances not present here,[1] federal courts are prohibited from intervening in ongoing state proceedings implicating a state's interest in enforcing orders and judgments of its courts, including its

---

[1]There are three such circumstances. First, "[t]he abstention doctrine does not prevent federal courts from enjoining enforcement actions that involve prosecutions pursued in "bad faith" or for "harassment" purposes. *Mulholland v. Maron Cnty. Election Bd*., 746 F.3d 811, 818 (7th Cir. 2014) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 584, 591 (2013)). Second, an exception may apply where "a state law obviously violates the constitution in every conceivable way it could be applied." *McClurg v. Conrad*, No. 1:25-cv-00589-ALT, 2025 WL 3771230, at *2 (N.D. Ind. Dec. 29, 2025) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)). The third exception is if there is a "lack of adequate state forum," such as if there is a "biased state court" that "could not be trusted to constitutionally proceed and thus the federal court may proceed." *Id*. (citing *Gibson v. Berryhill*, 411 U.S. 564, 578 (1973)). None of these exceptions apply. In fact, the kinds of federal constitutional claims Henry is attempting to pursue may be raised directly in the State Case or on appeal after the prosecution concludes.

Case 2:25-cv-02038-JPS     Filed 06/03/26     Page 4 of 8     Document 11

criminal prosecutions. *Younger v. Harris*, 401 U.S. 37 (1971); *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (noting that *Younger* "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings" (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007))). Here, Henry's amended complaint turns on an allegedly incomplete transcript that he received from Defendants in his State Case, which the Court notes is set for trial starting on June 22, 2026. State Case, Oct. 6, 2025 docket entry. Regardless of the merits of his claims, the Court cannot intervene in this matter, as doing so would undermine state court proceedings. If Henry wishes to contest the State's handling of his State case, his "remedy is to appeal," once a verdict is reached in that case, "within the state court system, not to raise a new collateral attack in federal court." *Vidal v. Wisconsin*, No. 21-CV-0069-BHL, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022).

The Court now turns to the question of whether to stay or dismiss this case. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). The "pivotal question" is "whether any of the relief sought by the plaintiff in its federal action is unavailable in the state action." *B&B Harris Mgmt., LLC v. Ill. Gaming Bd.*, 4 F. Supp. 3d 920, 928 (N.D. Ill. 2013) (citing *FreeEats.com*, 502 F.3d 600). Here, Henry does not seek compensatory damages, but only injunctive relief for a complete, certified record in his State Case, as well as related information, such as the name of the court reporters at his hearings. ECF No. 10 at 6. Although delays with transcripts are "lamentable and all too common,"

*United States v. Pratt*, 645 F.2d 89, 91 (1st Cir. 1981), *cert denied*, 454 U.S. 881 (1981), there is no indication that the state court would be incapable of providing relief. As such, dismissal is appropriate here. *Ill. Gaming Bd.*, 4 F. Supp. 3d at 928 (dismissing case where plaintiff sought "declaratory and injunctive relief and ask[ed] the Court to either reverse the IGB's denial of its license renewal or, alternatively, instruct the IGB to conduct a hearing with respect to its license renewal").

Although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where, in a case like this, amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The Court will, therefore, dismiss the case without prejudice. *Nadzhafaliyev v. Hardy*, 403 F. Supp. 3d 663, 670 (N.D. Ill. 2019) (finding abstention applicable and dismissing the case without prejudice); *Ysreal v. Illinois*, No. 22 C 4729, 2023 WL 5021810, at *1 (N.D. Ill. July 5, 2023) (same); *Knecht v. Thompson*, 896 F. Supp. 876, 879 (E.D. Wis. 1995) (same).

**5.    REMAINING MOTIONS**

Given the Court's inability to intervene in the underlying action, *see supra* Section 4, the Court will deny as moot Henry's motions seeking injunctive relief in connection therewith, ECF Nos. 5 and 8. Because the Court will dismiss the case, the Court will also deny as moot Henry's motion for service by the U.S. Marshals Service, ECF No. 3.

**6.    CONCLUSION**

For the reasons set forth herein, the Court will dismiss, rather than stay, his case. The Court notes that should Henry wish to contest the State's handling of his case, his "remedy is to appeal within the state court system,"

Case 2:25-cv-02038-JPS    Filed 06/03/26    Page 6 of 8    Document 11

once a verdict is reached, "not to raise a new collateral attack in federal court." *Vidal*, 2022 WL 17175093, at \*2.

Accordingly,

**IT IS ORDERED** that the motion for service of process by the U.S. Marshals, ECF No. 3, be and the same hereby is **DENIED as moot**;

**IT IS FURTHER ORDERED** that the motion for record preservation, certification, and docket integrity, ECF No. 5, be and the same hereby is **DENIED as moot**;

**IT IS FURTHER ORDERED** that the motion for a preliminary injunction, ECF No. 8, be and the same hereby, is **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.